[No. 2349. Decided November 23, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM J. HENDERSON, *Appellant*.

SALE OF ADULTERATED BUTTER— SUFFICIENCY OF COMPLAINT.

A complaint, under Laws 1895, p. 70, §5, making it unlawful for any person to sell any fat, oil or oleaginous substance or compound thereof, not produced at the time of manufacture from unadulterated milk or cream from the same, with or without harmless coloring matter, which shall be in imitation of yellow butter produced from pure unadulterated milk or the cream from the same, is not sufficient, when it fails to charge as a fact that the oleaginous substance and compound was not produced from unadulterated milk or the cream from the same.

Appeal from Superior Court, King County.—Hon. THOMAS J. HUMES, Judge. Reversed.

*Charles E. Patterson*, and *Fred H. Peterson*, for appellant.

*A. W. Hastie*, Prosecuting Attorney, and *W. W. Wilshire*, for The State.

The opinion of the court was delivered by

HOYT, C. J.—Appellant was convicted of a violation of the provisions of § 5 of the act of March 11, 1895 (Laws 1895, p. 70). This section makes it unlawful for any person to sell any fat, oil or oleaginous substance, or compound thereof, not produced at the time of manufacture from unadulterated milk or cream from the same, with or without harmless coloring matter, which shall be in imitation of yellow butter produced from pure unadulterated milk or the cream from the same. The charging part of the complaint, upon which the defendant was convicted, was that:

" Said defendant did unlawfully sell and deliver to one John Huffman, for twenty-five cents in lawful money, one roll containing two pounds of an oleaginous substance compounded and colored in imitation of yellow butter produced from pure unadulterated milk or the cream from the same, and said oleaginous substance and compound not having been produced directly and wholly at the time of the manufacture thereof free from coloration or ingredient that caused it to resemble yellow butter produced from unadulterated milk or the cream from the same."

It is claimed by appellant that this complaint fails to state the necessary facts to constitute a crime under the section of the statute above referred to. That it is necessary the complaint should show that the oleaginous matter had been produced or colored so as to imitate yellow butter manufactured from unadulterated milk or the cream from the same, and that said oleaginous substance was not produced at the time of its manufacture from unadulterated milk or the cream from the same, is clear from the language of the section. Are these facts charged in the complaint above set out?

The first one undoubtedly is, but we are unable to find that the second necessary element has been stated as a fact in the complaint, or that any words have been used from which such fact must necessarily be inferred. If the word "produced," where it last appears, had been omitted from the complaint, it might be inferred that it was intended to state as a fact that the oleaginous substance and compound was not produced from unadulterated milk or the cream from the same; but with that word in the situation in which it is found it is not made to appear that such was the intention of the pleader. In fact, a contrary intention is made fairly to appear. The use of such word connects what follows, "from unadulterated milk or the cream from the same," directly with the "yellow butter produced from pure unadulterated milk or the cream from the same," above stated in the complaint, and is but a repetition of what had been before stated, and more nearly refers to the real butter of which the substance sold was an imitation than to the substance itself; and for that reason there is no statement in the complaint that the imitation was not produced from unadulterated milk or the cream from the same. But, we have seen, one of the necessary elements of the crime was that the oleaginous substance sold should not be produced from pure unadulterated milk or the cream from the same; hence, the complaint failed to charge one of the facts necessary to constitute the crime. It is therefore insufficient to sustain a conviction, especially as it was timely moved against in the lower court.

This conclusion makes it unnecessary for us to discuss the other questions raised by the appeal.

The judgment and sentence will be reversed and

the cause remanded with instructions to dismiss the proceeding.

DUNBAR, ANDERS, GORDON and SCOTT, JJ., concur.